Judge Green,
delivered his opinion.
This was an ejectment for 100,000 acres of land, claimed under a patent to Haskill and Walter. There are four several demises laid in the declaration, each purjjorting to be for different tracts of 100,000 acres of land, and commencing at different times. One of the demises is by Walter, and one by Haskill, who wore the joint patentees; one by William Prentiss, and one by John C. Arnold and William Wells. This declaration was served on the tenants in possession, Camden, Crawford and Keith; who appeared and were admitted defendants for so much of the land, mentioned in the declaration, as was in their respective possession. Afterwards, Jackson, “a tenant in possession of the premises,” on his motion, was admitted as a defendant; and all entered into the common rule, and pleaded the general issue. A survey was made in the cause, and the jury found “tor the plaintiff his terms yet to come in the land in the declaration meutioued, as designated and described by the black lines in the plat and certificate made by George Jloush;” and the Court gave judgment, “ that the plaintiff recover against the defendants bis terms yet to come, of and in the said tract or parcel of land, with the appurtenances, in the declaration mentioned,” &c.
Upon the trial, various exceptions were taken by the defendants, all of which, but one, are abandoned, and properly abandoned.
By the bill of exceptions, it appears that the location, and identity of the land, covered by HasMll’s and Walter’s patent, was in question. The beginning corner of the patent, is {ia white oak and bench corner to a survey of 40,000 acres, made in the name of David Lockwood,” *464 without any further description. One of the witnesses proved, that the white oak and beech, (at which the surveyor, who executed the order of survey in the cause, be-San’ by direction of the plaintiff, as for the beginning of the aforesaid patent,) “ stood 80 poles below the falls of the Little Kenhawa, on the north side thereof. ” The plaintiff introduced a copy of the entry, upon which the patent was founded, which calls to begin “ at a white oak and beech, on the north bank of said river, (the Little Kenhawa,) 80 poles below the falls thereof, and extending north,” &c. To the introduction of this entry, the defendants objected; and it is said, that it was impertinent, and therefore improper, evidence. The Court below decided, that the entry could not be introduced, either in aid of, or to invalidate, the legal title, of which the patent is the foundation; nor can the entry be used as evidence to furnish particulars of description, not contained in the grant; but may be introduced and used, as presumptive testimony before the jury, to identify the calls of the patent; subject like all testimony of that character, to be repelled by other evidence of identity, either derived from the patent, or extrinsic thereto. It seems to me, that this decision was proper. It was obviously introduced, to shew that the plaintiff had assumed the true beginning for his patent, as it corresponded with the calhof the entry, and was proper evidence for that purpose, under the limitations stated by the Court below.
The appellants contend, that the judgment is erroneous, in adjudging to the plaintiff the lands in the declaration mentioned, when the verdict found him entitled according to the black lines upon the survey; and that the judgment should have followed the verdict, and adjudged to the plaintiff the land within the black lines. The black lines are the outer lines of the whole survey, and are the lines of the patent, according to the natural objects called for by the patent. The dotted lines are all within the black lines, and designate, according to the report of the surveyor, the *465 patent courses. The variation of these lines from the black lines is very trifling. A small allowance for the variation of the needle being made, the clotted and black lines would have coincided. The jury found for the plaintiff, according to the largest boundary laid down, and according to the boundary laid down by order of the plaintiff, as the boundary of the patent under which he claimed, and as the full extent of his claim; and have, therefore, found for the plaintiff, virtually, all the land in the declaration mentioned. The judgment corresponds with the verdict. It cannot be said, on this record, that the judgment gives the plaintiff’ more land than the verdict gave him. Even in a case where the plaintiff recovers less than in the progress of the cause he claims, and the judgment is general, as in this case, I should doubt whether the judgment was erroneous. The declaration in ejectment specifies no boundary, nor any other particulars of the plaintiff’s claim; and such a judgment ought to be considered as a judgment for so much as the jury has found him to be entitled to; especially as the judgment in the fictitious action of ejectment only determines the right of possession, and is not evidence in any other case, of title. In executing the writ of possession, the plaintiff acts at his peril; and if he takes more than he has established his right to, the Coui't will interfere in a summary way, and compel him to make restitution. Saul v. Dawson, 3 Wils. 49; Cottingham v. King, Burr. 623-630; Connor v. West, Burr. 2672. If indeed, the declaration claimed several pieces of property, by different, names or descriptions, and the defendant were found guilty as to one, and not guilty as to another, the judgment ought to discriminate, and a judgment for all the premises in the declaration, would, in that case, be erroneous. And so, in any case, when by comparing the declaration, verdict and judgment, it appeared that judgment was given for more than the plaintiff’was found entitled to by the verdict. Adams on Eject. 294. In Lee v. Tapscott, 2 Wash. 276, a judgment in ejectment was reversed, *466 because it was for the land in the declaration mentioned, when the verdict was for the plaintiff according to certain lines, upon the survey made in the cause. The Court consisted of three Judges, and this point was decided by two, without assigning any reasons. That was a question as to boundary between two co-terminous tenants, each of whom had laid down the lines in the survey, according to their respective claims. The jury found for the plaintiff, according to the line claimed by him. I have examined the original record, and cannot perceive that the plaintiff recovered by the judgment more than the verdict gave him; or that he claimed in his declaration, or otherwise, any thing beyond the line established by the verdict of the jury; so that the verdict and judgment were both, in effect, for the lands in the declaration mentioned; and in executing the judgment of the Court, the defendant could not possibly receive any prejudice. The nature of that case, (a contested boundary between co-terminous tenants,) may have influenced the decision of the majority of the Court.
It is objected, by the appellants, that several tenants, claiming severally parts of the land sued for, cannot be sued in one action of ejectment. Ejectment is, in effect, an action of trespass; and the plaintiff has his election to sue all who have trespassed on him, severally or jointly, as in all other cases of torts. The proposition insisted on is negatived by the uniform practice and all the authorities. Thus in Butler’s Ni. Pri. 98, if the lessor of the plaintiff claims lands in the possession of different persons, and one of the tenants would be a material witness for the others, such tenant should suffer judgment to go by default, as to the part in his possession; because, if he appear and be, made a defendant, he becomes a party to the suit, and cannot be a witness therein. In Adams on Ejectment, there áre directions as to the proper mode of serving the declaration, when there are several defendants in possession of several parcels of the land, sued for in one action; and the form of the judgment by default, against one of *467 several defendants, for the portion of the land severally held by him. Adams on Eject. 355. So, if one of several defendants, who defend for several portions of the premises, dies, the plaintiff may proceed against the others, hut he cannot have judgment for the part which was in possessionof the deceased. Gilb. Eject. 98. In Adams on Ejectment 308, directions are given as to the proper maimer of executing the writ of possession, when the lessor reco. vers several messuages in the possession of different persons; and our act of Assembly recognizes the practice of suing several in ejectment, who have not a joint possession, by providing that if one of several defendants in ejectment be acquitted, and the others convicted, the acquitted defendant shall recover his costs, unless the Court shall think there was reasonable cause for making him a defendant. I do not think there is any thing in this objection.
The last objection taken is, that there are four several demises laid in the declaration, and that the judgment affirms the plaintiff’s right to the same tract of land under each demise, and that the four several lessors may take out four several writs of possession; and that it does not appear which of those lessors are best entitled. If these demises were laid as of the same land, this objection would be unfounded. The execution issues iu favor of the lessee, and after verdict, the Court will presume every thing which can be presumed, to support the judgment; and to that end, would presume that all the lessors were joint tenants, and that the demise of each operating as a demise of one fourth, the four demises gave the lessee a title to the whole. Morris v. Barry, Strange, 180; Gill v. Pearson, 6 East. 173; Roper v. Lonsdale, 12 East. 39; Marsack v. Read, 12 East 57. There is nothing in this record inconsistent with this presumption; for, although the claim of the plaintiff was founded on the patent to Haskill and Walter, two of the lessors; yet, there might have been subsequent conveyances, which finally made all the lessors joint tenants.
*468 But, in fact, these demises are laid as of-several premises; and, in that ease, there is no ground for any exception. The execution will issue in favor of the lessee, for four several tracts of land on the four several demises. Adams on Eject. 366; and the plaintiff must take possession only of the land actually recovered. Only one execution can issue, and who shall be beneficially entitled to that, will be a question, if any difficulty should arise, for the Court to decide in a summary way, and a question in which the defendants have no interest.
The judgment should be affirmed.
The other Judges concurred.*

 The President, absent.